IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00344-MR-WCM

| | | |
|---|---|---|
| CLANT M. SEAY | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| FULCHER'S RED FOX STABLES, LLC, | ) | |
| JESSE RYAN CAHOON, | ) | |
| GREGORY WAYNE MOONINGHAM, | ) | |
| GARLAND CHRISTOPHER FULCHER, II | ) | |
| *also known as* Chaz Fulcher, II | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's (1) "Motion to Allow Plaintiff to Use the ECF Electronic Filing System for Filing and Service of Documents" (the "Motion to E-File," Doc. 5); and (2) "Emergency Motion for Early-Enforceable Discovery from a Non-Party Pursuant to Fed. R. Civ. P. 26(a) Discovery Conference" (the "Motion for Early Discovery," Doc. 6).

I. Relevant Background

Plaintiff Clant M. Seay ("Plaintiff") filed his Complaint on November 24, 2021. Doc. 1. Plaintiff also filed a handwritten Request to Receive Electronic Notification. Doc. 3.

On December 2, 2021, Plaintiff filed the Motion to E-File. Doc. 5.

1

On December 3, 2021, Plaintiff filed the Motion for Early Discovery. Doc. 6.

## II. Motion to E-File

Although Plaintiff is proceeding in this matter *pro se*, he alleges in his Complaint that he is "an active licensed Mississippi attorney in good standing with The Mississippi Bar." Doc. 1 at ¶ 13. Further, in his Motion to E-File, Plaintiff states that he has completed ECF training administered by the United States District Court for the Middle District of Tennessee, and has been allowed to use the ECF filing system in other matters in which he proceeded *pro se*.

This Court's Administrative Procedures Governing Filing and Service by Electronic Means ("Administrative Procedures") provide that "parties proceeding pro se may request in writing - solely for the purpose of the action - to receive notice via e-mail whenever a pleading or other paper is filed electronically in accordance with these procedures." Administrative Procedures, revised January 1, 2018, available on the Court's website. However, "[p]arties proceeding pro se shall not file electronically." Id.

Here, Plaintiff has requested to receive electronic notification of filings. Doc. 3.

As for filing itself, while Plaintiff represents that he is a member in good standing of the Bar of Mississippi, Plaintiff is nonetheless appearing as a *pro*

2

*se* litigant and, therefore, consistent with the Court's Administrative Procedures, the Motion to E-File will be denied.

### III. Motion for Early Discovery

In his Complaint, Plaintiff alleges that he was harassed, threatened, and assaulted at the North Carolina Walking Horse Championship Show. Doc. 1.

In his Motion for Early Discovery, Plaintiff contends that the North Carolina Walking Horse Championship Show was "videoed and recorded by Report TV, a part of Dabora, Inc., a non-party to this litigation and the entity that owns The Walking Horse Report." Doc. 6 at 2. Plaintiff asserts, upon information and belief, that a portion of a video taken around the time of the alleged assault was published on The Walking Horse Report website, but that other footage was deleted or removed and that this footage "contains important and crucial factual evidence that documented what occurred at the time the Defendants assaulted the Plaintiff." Id. Plaintiff contends that he should be allowed to conduct early discovery, by sending a subpoena to Dabora, Inc. for the "unedited raw video of 'Youth 12-17 Championship' class made on Saturday, October 9, 2021 by Report TV at the North Carolina Championship Horse Show…." and that, otherwise, "key portions of the video edited out or deleted and containing real time coverage of the assaults will be lost, damaged, or destroyed." Id. at 3.

In general, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); see also Local Civil Rule 16.1(f). Courts have applied a reasonableness or good cause standard when considering a request, as here, for discovery prior to the Rule 26(f) conference. Dimension Data N. Am., Inc. v. Netstar-1, 226 F.R.D. 528, 531 (E.D.N.C. 2005); Teamworks Innovations, Inc. v. Starbucks Corporation, 1:19CV1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (applying good cause/reasonableness standard) (citing 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed. & Aug. 2019 Update)).

The undersigned is not persuaded that the Motion for Early Discovery sufficiently shows that early discovery is necessary. Although Plaintiff's request appears to be narrow, he has not provided any information regarding what attempts, if any, he has made to confirm that Dabora, Inc. has the information he seeks, nor does he state whether he has requested that Dabora, Inc. provide the information to him voluntarily or retain such information, or what the entity's response has been to such a request. See Performance Sales & Marketing, LLC v. Lowe's Companies, Inc., No. 5:07cv140, 2009 WL 4730302, at *1 (W.D.N.C. Dec. 4, 2009) ("Speculation is not sufficient to show good cause under Rule 16.1").

**IT IS THEREFORE ORDERED THAT**:

(1) The "Motion to Allow Plaintiff to Use the ECF Electronic Filing System for Filing and Service of Documents" (Doc. 5) is **DENIED**.

(2) "Plaintiff's Emergency Motion for Early-Enforceable Discovery from a Non-Party Pursuant to Fed. R. Civ. P. 26(a) Discovery Conference" (Doc. 6) is **DENIED WITHOUT PREJUDICE**.

Signed: December 6, 2021

W. Carleton Metcalf
United States Magistrate Judge