IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00344-MR-WCM

| | | |
|---|---|---|
| CLANT M. SEAY | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| FULCHER'S RED FOX STABLES, LLC, | ) | |
| JESSE RYAN CAHOON, | ) | |
| GREGORY WAYNE MOONINGHAM, | ) | |
| GARLAND CHRISTOPHER FULCHER, II | ) | |
| *also known as* Chaz Fulcher, II | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a Motion for Admission *Pro Hac Vice* and Affidavit (Doc. 11).

Plaintiff Clant M. Seay filed his Complaint on November 24, 2021. Doc. 1. Mr. Seay filed his Complaint *pro se*, though alleges that he is "an active licensed Mississippi attorney in good standing with The Mississippi Bar." Doc. 1 at ¶ 13.

On December 14, 2021, Attorney Douglas J. Tate filed a Notice of Appearance as counsel for Mr. Seay. Doc. 10.

That same day, Mr. Tate filed the instant Motion for Admission *Pro Hac Vice* and Affidavit, which seeks the admission of Mr. Seay to practice *pro hac*

*vice* in this case.

Pursuant to the Local Rules of this district, an attorney who is a member in good standing of the Bar of a United States District Court, the Bar of the highest court of any state, or the District of Columbia Bar may be admitted to practice *pro hac vice*. Candidates for such admission must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court. See Local Civil Rule 83.1(c)(1).

Here, Mr. Seay appears to seek to be admitted *pro hac vice* so that he may appear as counsel for himself (as he, individually, is the plaintiff in this case).

Allowing Mr. Seay to appear in this manner, presumably as both litigant and lawyer, would be inappropriate and likely create unnecessary confusion. See Grant v. Kamehameha Schools/Bernice Pauahi Bishop Estate, No. 08–00555 DAE–LEK, 2009 WL 855831 at *1 (D. Hi. March 30, 2009) ("Plaintiff's admission pro hac vice would impair the prompt, fair, and ethical administration of justice in this case because Plaintiff will likely be the key witness in this case"); see also Rule 3.7 of the North Carolina Rules of Professional Conduct (subject to certain exceptions, lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness).

In short, Mr. Seay has two options: 1) he may appear *pro se* as the plaintiff, with Mr. Tate withdrawing as his counsel of record, or 2) he may be

represented by counsel, such as Mr. Tate.

Accordingly, the Motion for Admission *Pro Hac Vice* and Affidavit (Doc. 11) is **DENIED**.

It is so ordered.

Signed: December 15, 2021

W. Carleton Metcalf
United States Magistrate Judge