IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00344-MR-WCM

| | | |
|---|---|---|
| CLANT M. SEAY | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| FULCHER'S RED FOX STABLES, LLC, | ) | |
| JESSE RYAN CAHOON, | ) | |
| GREGORY WAYNE MOONINGHAM, | ) | |
| GARLAND CHRISTOPHER FULCHER, II | ) | |
| *also known as* Chaz Fulcher, II | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion to Compel Plaintiff's Discovery Responses (the "Motion to Compel," Doc. 28), Defendants' Motion for Modification of the Pre-Trial Order and Extension of Deadlines (the "Motion for Extension," Doc. 29), and an oral motion made by defense counsel on September 21, 2022.

I. Background

On November 24, 2021, Plaintiff filed his Complaint, alleging that he was harassed, threatened, and assaulted at the North Carolina Walking Horse Championship Show on October 9, 2021. Doc. 1. Plaintiff asserts claims of

1

battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On January 31, 2022, and after consultation with counsel for the parties, a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 19) was entered setting various deadlines, including a deadline of September 13, 2022 for the parties to complete court-enforceable discovery.

Defendants filed the Motion to Compel on September 12, 2022, and the Motion for Extension on September 13, 2022. Docs. 28, 29. A hearing on both Motions was conducted on September 21, 2022.

## II. Discussion

### A. Motion to Compel and Oral Motion to Amend

In the Motion to Compel, Defendants stated that they were seeking an Order compelling Plaintiff to provide answers and responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. Doc. 28 at 1. In particular, the Motion to Compel indicated that Plaintiff had not produced complete copies of relevant medical records and had not provided sufficient details regarding the damages he is claiming.

During the hearing, defense counsel advised that the parties had been able to resolve all issues relative to the Motion to Compel, except for one dispute that had recently arisen. That issue pertains to Plaintiff's refusal to disclose the name of an individual who was accompanying him on the day in

question and who took an additional video of the incident that is the subject of this litigation. Defense counsel made an oral motion to amend (the "Oral Motion") the Motion to Compel to include this topic and requested that Plaintiff be ordered to disclose the name of that individual. In addition, Defendants requested that costs relative to the Motion to Compel be assessed pursuant to Rule 37 of the Federal Rules of Civil Procedure and that such an assessment be paid by Plaintiff himself.

Plaintiff's counsel objected to the Oral Motion but agreed that the other issues associated with the Motion to Compel had been resolved and advised that Plaintiff had executed releases by which Plaintiff's counsel would obtain the medical records that were previously in dispute.

At the conclusion of the hearing, the undersigned denied the Oral Motion, finding that it was not properly before the Court and that the parties should undertake further efforts to resolve that matter directly and without the need for Court intervention. The undersigned also established a briefing schedule to ensure the prompt resolution of this issue, should Court assistance be needed.

Further, the Court granted the Motion to Compel, without objection by Plaintiff, and directed that Plaintiff supplement his answers and responses to Defendants' written discovery requests as stated herein.[1]

### B. Motion for Extension

By the Motion for Extension, Defendants sought to extend the deadlines to complete discovery and mediation, and to file any dispositive motions. Plaintiff consents to the request.

It is not readily apparent why the parties have not been able to complete discovery in this matter, which does not appear to be overly complex. In addition, based on the information appearing of record and as discussed during the hearing, the undersigned is not persuaded that significant extensions of the current deadlines are warranted.

The Court will, in its discretion, allow the Motion for Extension in part. However, the existing trial setting will remain in place. Further, the parties are advised that no additional changes to the pretrial and trial schedule will be considered absent extraordinary circumstances and that the parties should plan to complete the briefing of any dispositive motions within the timeframes set by the Local Rules and without the extension of the response/reply deadlines.

---

[1] Plaintiff's counsel did not dispute that Interrogatory #2 seeks a list of Plaintiff's previous medical providers, as Defendants contended.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Oral Motion is **DENIED**. The parties are **DIRECTED** to confer to determine whether the subject of the Oral Motion may be resolved without Court involvement. Should a motion to compel be necessary, such motion shall be filed by Defendants no later than September 23, 2022. Any response by Plaintiff shall be filed no later than September 28, 2022 and any reply by Defendants shall be filed no later than September 30, 2022. The parties are reminded that the provisions of Rule 37 will apply to any such motion to compel.

2. Defendants' Motion to Compel Plaintiff's Discovery Responses (Doc. 28) is **GRANTED IN PART** as follows:

   a. Plaintiff shall serve a supplemental answer to Interrogatory #2 and a supplemental response to Document Request #3 no later than October 28, 2022.

   b. Defendants' request pursuant to Rule 37 for an award of fees and costs associated with the Motion to Compel is **DENIED WITHOUT PREJUDICE**. Should Plaintiff fail to provide complete supplemental responses to Defendants' written discovery requests as directed herein, Defendants may renew their request for such an award.

3. Defendants' Motion for Modification of the Pre-Trial Order and Extension of Deadlines (Doc. 29) is **GRANTED IN PART**, and the following deadlines are **EXTENDED**:

    a. Discovery through and including October 28, 2022;

    b. Mediation through and including November 4, 2022; and

    c. Motions through and including November 11, 2022.

4. All other provisions of the Pretrial Order and Case Management Plan (Doc. 19), including the March 13, 2023 trial setting, remain in effect.

Signed: September 21, 2022

W. Carleton Metcalf
United States Magistrate Judge