IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00344-MR-WCM

| | | |
|---|---|---|
| CLANT M. SEAY | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| FULCHER'S RED FOX STABLES, LLC, | ) | |
| JESSE RYAN CAHOON, | ) | |
| GREGORY WAYNE MOONINGHAM, | ) | |
| GARLAND CHRISTOPHER FULCHER, II | ) | |
| *also known as* Chaz Fulcher, II | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Disclose Name and Contact Information of Witness (the "Motion to Compel," Doc. 32).

I.  The Disputed Issue

In the Motion to Compel, Defendants state that on August 26, 2022 Plaintiff responded to Defendants' discovery requests and identified an "associate" of a certain website who documented the events that form the basis of this litigation. Plaintiff did not provide any other identifying information. Defendants further explain that this individual witnessed the interactions

1

between Plaintiff and Defendants and recorded them using one of Plaintiff's cell phones, and that she is visible in one of the videos that have been produced.

During Plaintiff's deposition, which was apparently conducted on August 29, 2022, Plaintiff refused to identify this individual.

During a hearing on other matters before the undersigned on September 21, 2022, Defendants sought to amend a previous motion to compel to include reference to this issue. Plaintiff objected to the amendment. The Court denied the oral motion to amend, directed the parties to discuss the issue further, and set an abbreviated briefing schedule should Court intervention be necessary. Doc. 30.

The Motion to Compel was timely filed on September 23, 2022. Doc. 32. Therein, Defendants reported that Plaintiff had maintained his objection and would not disclose the name of and contact information for the witness.

On September 28, 2022, Plaintiff timely filed a response which confirmed that the parties had been unable to resolve the issue such that defense counsel had filed the Motion to Compel. The response further stated, however, that the name, address, and telephone number of the witness were given to defense counsel via email on September 28, 2022 (the day the response was filed). Doc. 33.

On September 29, 2022, Defendants filed a reply confirming that Plaintiff had produced the name and contact information for the witness but

2

maintaining their request that sanctions be imposed against Plaintiff personally pursuant to Rule 37. Doc. 34.

## II. Discussion

As Plaintiff has produced the name and contact information for the witness, the Motion to Compel will be denied as moot to the extent it requests an Order compelling the production of that information. The remaining question is whether sanctions should be imposed against Plaintiff.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1).

Pursuant to Rule 37(a)(3)(B), a party seeking discovery may move for an Order compelling an answer if a deponent fails to answer a question asked under Rule 30 or 31, or if a party fails to answer an interrogatory submitted under Rule 33. F.R.C.P. 37(a)(3)(B)(i) & (iii). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." <u>Oppenheimer v. Episcopal Communicators, Inc.</u>, No. 1:19-CV-

3

Case 1:21-cv-00344-MR-WCM    Document 36    Filed 10/06/22    Page 3 of 7

00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

In addition, Rule 37(a)(5) reads in part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

F.R.C.P. 37(a)(5)(A).

Here, Plaintiff has provided no basis for withholding the name and contact information of an eyewitness to the events at issue in this litigation. While Plaintiff did ultimately provide the information, he did so only after 1) objecting to Defendants' written discovery, 2) refusing to provide the information in a deposition, and 3) forcing Defendants to file the instant Motion to Compel despite being placed on notice, through the Court's previous denial of Defendants' oral motion to amend, that Rule 37 would apply in this

4

context. Doc. 30 at 5 (denying Defendants' oral motion to amend and reminding the parties "that the provisions of Rule 37 will apply to any such motion to compel").

In short, the record reveals that Plaintiff has simply refused to produce information of obvious relevancy, in violation of his duties under the Rules of Civil Procedure.[1]

Under these circumstances, the undersigned concludes that an expense award is warranted and that none of the conditions referenced by Rule 37(a)(5)(A) that prohibit an expense award are present.

As Defendants sought an award of expenses in the Motion to Compel, Plaintiff has been given an opportunity, through his response, to be heard in opposition to that request generally. See Fed. R. Civ. P. 37(a) advisory committee's note (1993) (indicating that questions concerning expense awards may be considered on written submissions as well as on oral hearings). Plaintiff will also have an opportunity to respond if necessary to any specific amount requested by Defendants, as stated below.

---

[1] A previous filing by Plaintiff indicated that he is an attorney and member in good standing of the Mississippi bar, having been admitted to practice in 1972, and is on "active exempt" status. Doc. 5.

**IT IS THEREFORE ORDERED THAT:**

1. To the extent Defendants' Motion to Compel Plaintiff to Disclose Name and Contact Information of Witness (Doc. 32) seeks an Order requiring Plaintiff to disclose the subject information, the Motion is **DENIED AS MOOT**.

2. To the extent the Motion to Compel seeks an award of Defendants' reasonable expenses incurred in making the Motion to Compel, including attorney's fees, the Motion is **GRANTED**. The award shall be assessed against Plaintiff, personally.

3. The parties are **DIRECTED** to confer and attempt to reach an agreement as to the specific amount of the award. In that connection, on or before **October 11, 2022**:

   a. The parties shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award and stating the amount agreed to, OR

b. If the parties have not been able to reach an agreement, Defendants shall submit materials from which the Court can determine an appropriate award. Plaintiff shall have seven (7) days from the date of Defendants' submission to file any response.

Signed: October 5, 2022

W. Carleton Metcalf
United States Magistrate Judge