IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00344-MR-WCM

| | | |
|---|---|---|
| CLANT M. SEAY | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| FULCHER'S RED FOX STABLES, LLC, | ) | |
| JESSE RYAN CAHOON, | ) | |
| GREGORY WAYNE MOONINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion for Sanctions (Doc. 43) and Defendants' Motion to Exclude Testimony of Plaintiff's Designated Experts (Doc. 44).

I. **Background**

On November 24, 2021, Plaintiff filed his Complaint, alleging that he was harassed, threatened, and assaulted at the North Carolina Walking Horse Championship Show on October 9, 2021. Doc. 1. Plaintiff asserts claims of battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On January 31, 2022, following an initial pretrial conference, a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 19) was entered.

1

The Pretrial Order set various deadlines, including a deadline of May 4, 2022 for Plaintiff to make his expert disclosures, a deadline of June 3, 2022 for Defendants to make their expert disclosures, and a deadline of September 13, 2022 for the parties to complete court-enforceable discovery.

On May 5, 2022, Plaintiff identified Dr. Elizabeth Frey, Dr. Thomas Glasgow, Dr. Robert McEachern, and Dr. Mark Strong as witnesses "who may be qualified as Experts to provide expert testimony concerning Plaintiff's medical treatment." Doc. 43-1 at 1-2. Plaintiff stated that these witnesses' reports and opinions were "contained in the medical records to be provided…." Id.

Defendants thereafter requested and received two extensions of their deadline to designate their experts, each based on the need to obtain Plaintiff's medical records prior to disclosing their experts. See Doc. 24; Doc. 25.

On September 12, 2022, Defendants filed a Motion to Compel Plaintiff's Discovery Responses (the "First Motion to Compel," Doc. 28), asserting, among other things, that Plaintiff had not produced complete copies of relevant medical records, including records from Dr. Brent Anderson, Dr. Glasgow, and Dr. McEachern. Defendants sought an Order compelling Plaintiff's production of those records and requested an award of fees and costs. Doc. 28-1 at 17.

On September 21, 2022, a hearing on the First Motion to Compel was conducted, during which Plaintiff's counsel advised that Plaintiff had executed

2

releases by which Plaintiff's counsel would obtain the medical records. The First Motion to Compel was granted and Plaintiff was ordered to serve supplemental discovery responses (including the medical records sought by the First Motion to Compel) by October 28, 2022. See Doc. 30 (the "September 21 Order"). Defendants' request for an award of fees and costs associated with the First Motion to Compel was denied without prejudice, but the parties were advised that should Plaintiff fail to provide complete supplemental responses to Defendants' written discovery requests as directed, Defendants could renew their request for such an award. Id. at 5. Finally, the September 21 Order extended the deadline for the parties to complete court-enforceable discovery through and including October 28, 2022, and the deadline to file dispositive motions, if any, through and including November 11, 2022. Id. at 6.

On September 23, 2022, Defendants filed a "Motion to Compel Plaintiff to Disclose Name and Contact Information of Witness" (the "Second Motion to Compel," Doc. 32).[1] Subsequently, Plaintiff provided the information. Therefore, the undersigned denied the Second Motion to Compel as moot but found that an award of monetary sanctions was appropriate because Plaintiff had "simply refused to produce information of obvious relevancy, in violation of his duties under the Rules of Civil Procedure." Doc. 36 at 5.

---

[1] The issue of identification of this witness was raised during the September 21 hearing.

3

On September 29, 2022, counsel for Plaintiff, Douglas Tate, filed a "Motion to Withdraw (with consent) and Motion to Extend Deadlines" (the "Motion to Withdraw," Doc. 35). Following a hearing, Mr. Tate was allowed to withdraw as counsel of record for Plaintiff, and Plaintiff's request to extend the remaining pretrial deadlines was denied. Doc. 40. Plaintiff, who is himself an attorney, was reminded of the September 21 Order directing him to serve supplemental responses relative to the First Motion to Compel.

On November 11, 2022, Defendants filed the Motion for Sanctions and the Motion to Exclude. Plaintiff has submitted multiple filings in response to these Motions, and Defendants have filed replies. See Docs. 46, 47, 51, 52, 54, 55 (Plaintiff's filings); Docs. 49, 50 (Defendants' replies).

## II. Discussion

### A. The Motion for Sanctions

Through the Motion for Sanctions, Defendants seek the preclusion of testimony by Dr. Glasgow, Dr. McEachern, and Dr. Anderson based on Plaintiff's failure to produce complete medical records from these providers during discovery and by October 28, as directed by the Court.[2]

---

[2] Additionally, Defendants state that although Plaintiff provided a report from Dr. Glasgow, Plaintiff has not provided a report from Dr. McEachern. Issues regarding Plaintiff's experts' reports are addressed below in connection with the Motion to Exclude.

4

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders" including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." F.R.C.P. 37(b)(2)(A)(ii).

Here, Plaintiff has submitted an affidavit by his former counsel, Mr. Tate, that outlines Mr. Tate's efforts to coordinate the production of Plaintiff's medical records. See Doc. 46-1. In that affidavit, Mr. Tate states that he produced, on behalf of Plaintiff, various medical records on October 28, October 31, November 8, and November 18. See Doc. 46-1. Defendants do not "object to nor challenge any of the facts" presented in Mr. Tate's affidavit but assert that sanctions remain appropriate based on Plaintiff's untimely production. Doc. 49. In an amended response, Plaintiff states that "all of the Plaintiff's medical records pertaining to [Dr. Glasgow]" along with "all other Seay Medical Records" have been produced. Doc. 51.[3] Although Plaintiff does not further define the term "Seay Medical Records," the undersigned presumes that it references all of the medical records that the September 21 Order required Plaintiff to produce.

---

[3] To the extent Plaintiff's amended response constitutes a sur-reply, Plaintiff is advised that generally sur-replies are not allowed under this Court's local civil rules.

5

Case 1:21-cv-00344-MR-WCM   Document 60   Filed 12/16/22   Page 5 of 13

As noted, through the First Motion to Compel, Defendants sought the remaining medical records from Dr. Glasgow, Dr. McEachern, and Dr. Anderson. Plaintiff does not dispute that he failed to produce those records by the October 28 deadline as required by the September 21 Order. However, based on Mr. Tate's affidavit, Defendants' response, and Plaintiff's amended response, it appears that all of the records that were to be produced pursuant to the September 21 Order have now been produced, albeit after the October 28 deadline.

Under the circumstances, the Court, in its discretion, will not exclude the testimony of Dr. Glasgow, Dr. McEachern, or Dr. Anderson pursuant to Rule 37(b)(2)(A)(ii) as Defendants request.

### B. Monetary Sanctions

However, some action is required in light of Plaintiff's violation of the September 21 Order.

Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to" the sanctions set out in Rule 37(b)(2)(A), "the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Emphasis added.

In this case, there is no dispute that Plaintiff did not produce all of the records by the October 28 deadline, as directed by the September 21 Order.

Plaintiff has not shown that his failure was substantially justified or that other circumstances make an award of expenses unjust. The October 28 deadline was set well in advance by the September 21 Order and Plaintiff, who is an attorney himself, was advised of the deadline. Further, while Mr. Tate provided significant assistance in procuring Plaintiff's medical records after Mr. Tate was allowed to withdraw, it was ultimately *Plaintiff's* responsibility to obtain and produce the documents.[4]

Also as noted, Plaintiff was sanctioned previously for his failure to produce relevant information in this case. Doc. 36.

Accordingly, Defendants will be awarded their fees and expenses associated with the Motion for Sanctions.

### C. The Motion to Exclude

Through the Motion to Exclude, Defendants seek to exclude Dr. McEachern, Dr. Strong, and Dr. Frey as expert witnesses based on Plaintiff's failure to provide expert reports for them. Additionally, Defendants move to exclude Dr. Glasgow as an expert witness on the grounds that his report does

---

[4] Mr. Tate's affidavit details numerous calls he made and faxes he sent to Plaintiff's providers after he was allowed to withdraw from the case, but the record does not indicate what steps, if any, Plaintiff took to assist Mr. Tate.

7

not meet the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure or, alternatively, on the ground that his testimony should not be allowed pursuant on Rule 702 of the Federal Rules of Evidence and the standards sets forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

### 1. Disclosures Under Rule 26(a)(2)

Rule 26(a)(2) of the Federal Rules of Civil Procedure sets forth disclosure requirements for potential expert witnesses. When a witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the witness must provide a report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

F.R.C.P. 26(a)(2)(B).

Expert witnesses who are not "retained or specially employed to provide expert testimony" are not required to provide written reports. However, Rule 26(a)(2)(C) directs that the party designating such an expert disclose the subject matter on which the expert is expected to present evidence as well as a summary of the facts and opinions to which the witness is expected to testify.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, Defendants assert that although Plaintiff previously identified Dr. McEachern, Dr. Strong, and Dr. Frey as expert witnesses and stated that their reports and opinions would be contained in their medical records, Doc. 43-1 at 2, these experts "have not produced **any reports whatsoever**." Doc. 44 at 21-22. Emphasis in briefing.

Plaintiff does not dispute this assertion, argue that disclosures concerning Dr. McEachern, Dr. Strong, and Dr. Frey are governed by Rule 26(a)(2)(C) and contend he has made appropriate disclosures, or argue that his failure to provide disclosures was substantially justified or harmless. That is,

9

the record indicates that Plaintiff has failed to provide the information required under Rule 26(a)(2) for these physicians, regardless of whether they fall within the scope of Rule 26(a)(2)(B) or Rule 26(a)(2)(C). Accordingly, the undersigned is persuaded that, to the extent Plaintiff seeks to call Dr. McEachern, Dr. Frey, or Dr. Strong to provide expert testimony, such testimony should be excluded.

As for Dr. Glasgow, he did provide a written report setting out his opinion, see Doc. 44-1, though Defendants assert that his report does not meet the requirements of Rule 26(a)(2)(B). However, it is not clear from the parties' submissions that Dr. Glasgow's disclosure requirements are more appropriately considered under Rule 26(a)(2)(B), rather than Rule 26(a)(2)(C). See Advisory Committee Notes, 2010 Amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rules 702, 703, or 705. Frequent examples include physicians or other health care professionals…who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present"); see also Marr v. Abercrombie & Fitch Stores, Inc., No. 5:14–CV–00123–F, 2015 WL 3827326, at *3-4 (E.D.N.C. June 19, 2015) (collecting cases and stating that

"[t]his court agrees a treating physician is not required to submit a Rule 26(a)(2)(B) report where he or she is expected to testify to opinions formed during the course of treatment"). In that regard, the undersigned is not persuaded that Dr. Glasgow's testimony should be excluded on the basis that his report fails to comply with Rule 26(a)(2)(B).

### 2. Exclusion Pursuant to Rule 702

Finally, Defendants also contend that Dr. Glasgow's testimony should be excluded based on Rule 702 of the Federal Rules of Evidence and the standards sets forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). These issues are more appropriately addressed by the trial court. See Standing Order, In re: Referral of Certain Matters to Magistrate Judges, No. 1:11mc001 (providing that Daubert motions are generally not referred).

Accordingly, to the extent Defendants wish to challenge Dr. Glasgow's qualifications as an expert witness, now that the discovery issues related to Plaintiff's production of medical records and designation of experts have been resolved, Defendants may file a stand-alone motion to that effect.

**IT IS THEREFORE ORDERED THAT:**

1. With respect to Defendants' Motion for Sanctions (Doc. 43):

    a. To the extent that Motion seeks the exclusion of testimony by Dr. Glasgow, Dr. McEachern, and Dr. Anderson based on Plaintiff's failure to produce his complete medical records from these providers by October 28, the Motion is **DENIED.**

    b. Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, Defendants are **AWARDED** their reasonable expenses, including attorney's fees, incurred in making the Motion for Sanctions.

    c. The parties are **DIRECTED** to confer and attempt to reach an agreement as to the specific amount of the award. In that connection, on or before **December 23, 2022**:

        i. The parties shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award and stating the amount agreed to, OR

        ii. If the parties have not been able to reach an agreement, Defendants shall submit materials from which the Court can determine an appropriate award. Plaintiff shall have seven (7) days from the date of Defendants' submission to file any response.

2. With respect to Defendants' Motion to Exclude Testimony of Plaintiff's Designated Experts (Doc. 44):

   a. To the extent Defendants seek to exclude the expert testimony of Dr. McEachern, Dr. Strong, and Dr. Frey, the Motion is **GRANTED** pursuant to Rule 26(a)(2) based on Plaintiff's failure to make timely and complete disclosures regarding these witnesses.

   b. To the extent Defendants seek to exclude the expert testimony of Dr. Glasgow based on Plaintiff's failure to provide a report pursuant to Rule 26(a)(2)(B), the Motion is **DENIED.**

   c. To the extent Defendants seek to exclude expert testimony by Dr. Glasgow on the grounds that it is inadmissible or unreliable pursuant to Rule 702 of the Federal Rules of Evidence, the Motion is **DENIED WITHOUT PREJUDICE.** Any renewed motion seeking to challenge Dr. Glasgow's qualifications as an expert witness (i.e., a Daubert motion) shall be filed on or before December 27, 2022.

Signed: December 16, 2022

W. Carleton Metcalf
United States Magistrate Judge