IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00344-MR-WCM

| | | |
|---|---|---|
| CLANT M. SEAY | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| FULCHER'S RED FOX STABLES, LLC, | ) | |
| JESSE RYAN CAHOON, | ) | |
| GREGORY WAYNE MOONINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the following:

1) Defendants' Motion for Sanctions (Doc. 43);

2) "Plaintiff's Pro Se Motion to Continue Case Set for Trial on March 13, 2023 and for Other Relief" (the "Motion to Continue" Doc. 67); and

3) "Plaintiff's Motion to File Under Seal the Declaration of Thomas S. Glasgow, M.D. Attached to Plaintiff's Motion to Continue Case Set for Trial on March 13, 2023 and for Other Relief" (the "Motion to Seal" Doc. 69).[1]

---

[1] A Memorandum and Recommendation regarding Defendants' Motion to Exclude Plaintiff's Late Produced Evidence and for Sanctions (Doc. 63) is being filed simultaneously herewith.

1

## I. General Procedural Background

The pretrial development of this matter has required significant judicial intervention. Because that history is relevant to the consideration of the current motions, it is recounted here in some detail.

On November 24, 2021, Plaintiff, appearing *pro se*, filed his Complaint, alleging that he was harassed, threatened, and assaulted at the North Carolina Walking Horse Championship Show on October 9, 2021. Doc. 1. Plaintiff asserted claims of battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress and named Fulcher's Red Fox Stables, LLC ("the Stables"); Jesse Ryan Cahoon; Gregory Wayne Mooningham ("Mooningham"); and Garland Christopher "Chaz" Fulcher II ("Garland Fulcher") as defendants.[2] Plaintiff made several additional *pro se* filings, including a request to receive electronic notification of filings (Doc. 3), a request for leave to file electronically (Doc. 5), and an "emergency motion for early-enforceable discovery from a non-party" (Doc. 6) which sought relevant video footage.

The emergency motion was denied without prejudice and a second similar motion was denied. Docs. 7, 8, 9.

---

[2] The claims against Garland Fulcher were later dismissed by stipulation on October 24, 2022. Doc. 41.

2

On December 14, 2021, attorney Douglas Tate appeared for Plaintiff. Doc. 10. He also made a motion that Plaintiff, who is an attorney himself, be allowed to appear *pro hac vice*, which motion was denied. Docs. 11, 12.

Defendants answered on December 23, 2021. Doc. 13. A subsequent joint motion by the parties for early discovery was granted and the parties were granted leave to issue a subpoena to a third party for unedited raw video footage made on Saturday, October 9, 2021. Doc. 17.

On January 31, 2022, the undersigned conducted an initial pretrial conference with counsel for the parties and entered a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 19) later that day. Doc. 19. The Pretrial Order set various deadlines, including a deadline of May 4, 2022 for Plaintiff to designate his expert witnesses, a deadline of June 3, 2022 for Defendants to designate their expert witnesses, and a deadline of September 13, 2022 for the parties to complete court-enforceable discovery.

On May 5, 2022, Plaintiff identified Dr. Elizabeth Frey, Dr. Thomas Glasgow, Dr. Robert McEachern, and Dr. Mark Strong as witnesses "who may be qualified as Experts to provide expert testimony concerning Plaintiff's medical treatment." Doc. 43-1 at 1-2. Plaintiff stated that these witnesses' reports and opinions were "contained in the medical records to be provided…." Id.

On May 23, 2022, Defendants sent written discovery requests to Plaintiff seeking, among other things, Plaintiff's medical records. Doc. 24 at 2.

On May 31, 2022, since Defendants were awaiting the receipt of Plaintiff's discovery responses, including his medical records, they requested, with Plaintiff's consent, that their deadline to designate expert witnesses be extended by 30 days. Doc. 24. This request was granted, and Defendants' expert designation deadline was extended to and including July 1, 2022.

On July 1, 2022, Defendants requested a second extension of their expert designation deadline, this time through and including August 2, 2022, stating that Plaintiff had served his medical records on June 28, 2022, but that "there were technical issues related to the email attachments" such that Defendants had been unable to review Plaintiff's medical records. Doc. 25.

Given that the court-enforceable discovery deadline (September 13, 2022) was approaching, on July 14, 2022 the undersigned conducted a status conference and a hearing on Defendants' second request for extension of their expert designation deadline. During the status conference, the parties reported that they had exchanged initial disclosures, that Plaintiff had provided one expert report, and that Plaintiff's medical records (at least those post-dating the incident that forms the basis of the litigation) were recently produced. Counsel further indicated that they intended to schedule depositions of the parties and experts and advised that an issue had recently arisen regarding

4

the possible need to name a new defendant. In response, the undersigned allowed Defendants' request and extended Defendants' deadline to designate their experts to and including August 2, 2022. The Court also encouraged the parties to continue to conduct any remaining discovery promptly in order to meet the September 13, 2022 discovery deadline and noted that they were free to engage in voluntary discovery thereafter, as described by the Pretrial Order. See Doc. 27.

On August 29, 2022, Plaintiff's deposition was taken. Doc. 29 at 2.

On September 12, 2022 (the day before the conclusion of court-enforceable discovery), Defendants filed a Motion to Compel Plaintiff's Discovery Responses (the "First Motion to Compel," Doc. 28), arguing, among other things, that Plaintiff had not produced complete copies of relevant medical records, including records from Dr. Brent Anderson, Dr. Glasgow, and Dr. McEachern. Defendants sought an Order compelling Plaintiff's production of those records and requested an award of fees and costs. Doc. 28-1 at 17.

On September 13, 2022, Defendants filed a Motion for Modification of the Pretrial Order and Extension of Deadlines, asking that court-enforceable discovery be extended to and including December 23, 2022, that the deadline for mediation be extended to January 20, 2023, and that the dispositive motions deadline be reset for February 10, 2023. Doc. 29. The Motion did not request a continuance of the May 13, 2023 trial setting. The Motion further

stated that Plaintiff's deposition had "revealed multiple documents and information" that had not yet been produced, which was the subject of the First Motion to Compel.Doc. 29 at 2. Plaintiff consented to the requested extensions.

On September 21, 2022, the undersigned conducted a hearing on the First Motion to Compel. During that hearing, defense counsel reported that the parties had resolved all issues relative to the First Motion to Compel, but that an additional dispute had arisen – one that pertained to Plaintiff's refusal to disclose the name of an individual who was accompanying him on the day in question and who took an additional video of the subject incident. Defense counsel moved orally to amend the First Motion to Compel to include a request that Plaintiff be ordered to disclose the name of this witness. Defendants also requested that expenses relative to the First Motion to Compel be assessed pursuant to Rule 37 of the Federal Rules of Civil Procedure and that such an award be paid by Plaintiff himself. Plaintiff's counsel objected to Defendants' oral motion but agreed that the other issues associated with the First Motion to Compel had been resolved. Plaintiff's counsel also advised that Plaintiff had executed releases by which Plaintiff's counsel would obtain the medical records that were previously in dispute.

The undersigned denied Defendants' oral motion and established a briefing schedule to ensure the prompt resolution of the issue regarding the additional witness, should Court assistance be needed. In addition, the First

Motion to Compel was granted and Plaintiff was ordered to serve supplemental discovery responses (including the medical records sought) by October 28, 2022 (the "September 21 Order," Doc. 30). Defendants' request for an award of fees and costs associated with the First Motion to Compel was denied without prejudice, but the parties were advised that should Plaintiff fail to provide complete supplemental responses to Defendants' written discovery requests as directed, Defendants could renew their request for such an award. Finally, the September 21 Order extended the deadline for the parties to complete court-enforceable discovery through and including October 28, 2022, and the deadline to file dispositive motions, if any, through and including November 11, 2022. Doc. 30.

On September 23, 2022, Defendants filed a "Motion to Compel Plaintiff to Disclose Name and Contact Information of Witness" (the "Second Motion to Compel," Doc. 32). Plaintiff responded and Defendants replied. Docs. 33, 34. Because Plaintiff ultimately had provided the information (though after the filing of the Second Motion to Compel), the undersigned denied the Second Motion to Compel as moot but found that an award of monetary sanctions was appropriate as Plaintiff had "simply refused to produce information of obvious relevancy, in violation of his duties under the Rules of Civil Procedure." Doc. 36 at 5; <u>see also</u> Doc. 39 (Order awarding reasonable expenses associated with the Second Motion to Compel).

7

On September 29, 2022, Plaintiff's attorney, Mr. Tate, filed a "Motion to Withdraw (with consent) and Motion to Extend Deadlines" (the "Motion to Withdraw," Doc. 35).

On October 12, 2022, the Court conducted a status conference as well as a hearing on the Motion to Withdraw. Plaintiff appeared in person with Mr. Tate. Defendants were represented by their attorney, Russell Racine.

Mr. Tate was allowed to withdraw as counsel of record for Plaintiff. See Doc. 40.

In addition, as the Motion to Withdraw requested that the deadlines for discovery, mediation, and dispositive motions be extended "so as to allow Plaintiff to obtain other counsel," the undersigned addressed the pretrial schedule yet again. Plaintiff stated that he did not know whether he would be seeking other counsel or would be representing himself. Further, Plaintiff indicated that he had experienced health problems during 2022, intimated he had been unable to participate fully in the case at times, stated that he wished to conduct additional discovery, and suggested that the discovery deadline be extended to December 31, 2022. However, Plaintiff did not appear to be aware of the existing deadlines. Defendants consented to the extension of the pretrial deadlines, as they were awaiting the final production of Plaintiff's outstanding medical records. The undersigned concluded that a further extension of the discovery, mediation, and dispositive motions deadlines was not necessary at

the time, since the parties had been reminded of the September 13 discovery deadline during the July 14, 2022 hearing and further since the Court had previously extended the discovery deadline for approximately six weeks and also extended the mediation and motions deadlines. The Court noted that the only additional information on which a further extension of the pretrial deadlines could be based was Mr. Tate's withdrawal and Plaintiff's statements during the October 12 hearing regarding his health during 2022. However, Plaintiff consented to Mr. Tate's withdrawal and stated in open court that he did not know if he would seek additional counsel or represent himself as the case continued and, with regard to his health, Plaintiff did not provide details as to when he was unable to participate during 2022 or how his health had impacted the discovery process. Additionally, the parties' desire to take "some" depositions did not justify a further extension of the pretrial deadlines.

On November 11, 2022, Defendants filed a Motion for Sanctions ("First Motion for Sanctions"), which requested that any testimony by Dr. Glasgow, Dr. McEachern, and Dr. Anderson be excluded both as a result of Plaintiff's violation of Rules 26 and 34 and based on Plaintiff's failure to produce his medical records as directed by the September 21 Order. Doc. 43.

On the same date, Defendants filed a Motion to Exclude Testimony of Plaintiff's Designated Experts ("Motion to Exclude Expert Testimony"), which sought the exclusion of Dr. Glasgow's testimony and, on separate grounds, the

9

exclusion of testimony by Plaintiff's remaining designated expert physicians. Doc. 44.

Defendants also filed a Motion for Partial Summary Judgment. Doc. 45.

Plaintiff made numerous filings in response to these various motions. See Docs. 46, 47, 48, 51, 52, 53, 54, 55.

On November 30, 2022, Plaintiff took the depositions of Garland Fulcher and Christina Ann Fulcher-Cahoon. See Doc. 55 at 1.

On December 7, 2022, Plaintiff filed a declaration in opposition to Defendants' Motion for Partial Summary Judgment. Doc. 55. The declaration also stated that Plaintiff could not present additional facts that were essential to justify and/or prove an agency relationship between Mooningham and the Stables and that Plaintiff was asking for an additional 30 days from December 12, 2022 "in order to be able to do so by issuance of necessary subpoenas from [the] Clerk of Court." Doc. 55 at 2.

By Order entered on December 16, 2022, the undersigned denied the First Motion for Sanctions to the extent that it sought the exclusion of testimony by Dr. Glasgow, Dr. McEachern, and Dr. Anderson based on Plaintiff's failure to produce his complete medical records from these providers by October 28. Doc. 60. The undersigned, however, awarded Defendants their reasonable expenses, including attorney's fees, incurred in making the First Motion for Sanctions and directed that, on or before December 23, 2022, the

parties file a stipulation as to the amount of the award or Defendants submit materials from which the Court could determine an appropriate award. With respect to Defendants' Motion to Exclude, the undersigned granted the request to the extent Defendants sought to exclude the expert testimony of Dr. McEachern, Dr. Strong, and Dr. Frey pursuant to Rule 26(a)(2) based on Plaintiff's failure to make timely and complete disclosures regarding these witnesses and denied the request to exclude the expert testimony of Dr. Glasgow based on Plaintiff's failure to provide a report pursuant to Rule 26(a)(2)(B). To the extent Defendants sought to exclude expert testimony by Dr. Glasgow on the grounds that it was inadmissible or unreliable pursuant to Rule 702 of the Federal Rules of Evidence, the Motion was denied without prejudice and Defendants were directed to file any renewed motion seeking to challenge Dr. Glasgow's qualifications as an expert witness (i.e., a <u>Daubert</u> motion) on or before December 27, 2022.

On December 22, 2022, Defendants filed a Motion to Exclude Plaintiff's Late Produced Evidence and for Sanctions (the "Motion to Exclude Late Evidence" Doc. 63).

On December 23, Defendants filed a notice along with documents pertaining to their request for an award of expenses and fees relative to the First Motion for Sanctions. The notice stated that the parties had conferred in good faith and attempted to reach an agreement as to the amount of an award

but had experienced some communication issues "as a result of the holiday season and the weather." Doc. 64 at 1. The notice further stated that Plaintiff had "a consulting attorney" who was negotiating with Defendants. Id. Finally, the parties requested that the Court allow them until December 30, 2022 to file either a stipulation as to the amount of the award or for Plaintiff to file a response to Defendants' materials. Doc. 64.

On December 27, 2022, Defendants filed a Daubert Motion to Exclude Testimony of Thomas Glasgow, MD. Doc. 65.

No further filings regarding the award relative to the First Motion for Sanctions were made by December 30, 2022. However, considering the representations in the December 23 notice, on January 4, 2023, the Court *sua sponte* extended the deadline for the parties to file a stipulation or alternatively for Plaintiff to file a response regarding the amount of the award through and including January 6, 2023. Doc. 66. The Court further advised Plaintiff that, unless a stipulation by the parties or a response by Plaintiff was filed by that date, the Court may proceed to consider an appropriate amount of the award based solely on Defendants' submissions and without hearing further from Plaintiff. Doc. 66.

On January 6, 2023, Plaintiff filed the Motion to Continue. Doc. 67. In support of that request, Plaintiff submitted under seal a declaration of Dr.

Glasgow and also filed the Motion to Seal seeking leave to file that declaration under seal. Docs. 68, 69.

On January 17, 2023, Plaintiff telephoned the Clerk's Office and stated that he had been admitted to the hospital with COVID and was not able to file a document at the time.

On January 19, 2023, Defendants filed a response in opposition to the Motion to Continue. Doc. 70.

On January 23, 2023, Plaintiff again telephoned the Clerk's Office and stated that he remained in the hospital and was unable to file any documents.

## II. The Motion for Sanctions

As noted above, the Court's December 16, 2022 Order awarded expenses to Defendants for Plaintiff's violation of the September 21 Order. Remaining to be decided is the amount of such an award.

Defendants submitted their fee-related materials on December 23, 2022 and on January 4, 2023 the Court *sua sponte* extended the deadline for the parties to file a stipulation regarding the amount of the award, or for Plaintiff to file a response regarding the amount of the award, through and including January 6, 2023.

Plaintiff filed the Motion to Continue on January 6, 2023, but he did not file a specific response regarding the award by that time, or any time thereafter, including prior to January 17, when he first reported that he had

13

Case 1:21-cv-00344-MR-WCM Document 71 Filed 02/01/23 Page 13 of 19

been admitted to the hospital. Consequently, consideration of the amount of the expense award is ripe for ruling.

In determining the appropriate amount of an award under Rule 37, courts have used the lodestar method. See e.g., Jenkins v. Wal-Mart Stores, Inc., No. 2:19-CV-271, 2021 WL 1256907, at *5–6 (E.D. Va. Apr. 5, 2021) ("The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a 'reasonable hourly rate multiplied by hours reasonably expended.' Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). To determine the reasonableness of the hours worked and the billable rate, a court looks to the factors enumerated in Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009). Specifically in connection with an award of attorneys' fees awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), a court will consider (1) Factor 1: the time and labor expended; (2) Factor 2: the novelty and difficulty of the questions raised; (3) Factor 3: the skill required to properly perform the legal services rendered; (4) Factor 5: the customary fee for like work; (5) Factor 9: the experience, reputation and ability of the attorney; and (6) Factor 12: attorneys' fees awards in similar cases.")); Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc., No. 116CV01056KWRJHR, 2022 WL 17752368, at *4 (D.N.M. Dec. 19, 2022) ("When awarding attorney's fees under Rule 37, the Court applies the "lodestar method" to award an amount

based on a reasonable hourly rate.") . The undersigned finds that method to be appropriate here.

In this case, Mr. Racine has submitted materials stating that he has been a licensed attorney since 1999 and that his hourly rate for this matter is $195.00 per hour. He also states that "the total expense for work on the Motion for Sanctions (16 pages) is $ 2,790.00" and the "total expense for work on the Motion for Sanctions and the Reply (2 pages) to Plaintiff's Response is $3,706.00." Doc. 64-1 at 1.

Defendants' submissions show that timekeeper Amanda Carrigan logged 1.10 hours at $90 per hour, that timekeeper Taylor Sweet recorded .80 hours at $170 per hour, and that Mr. Racine recorded the balance of the time. Mr. Racine's total time is not tabulated but it appears that he recorded approximately 18 hours.

Through the Motion for Sanctions, Defendants initially asked that the witnesses who were relying on Plaintiff's then-unproduced medical records be excluded from testifying. Of course, Plaintiff did ultimately produce the records (after the Motion for Sanctions was filed) and the undersigned declined to exclude testimony by Dr. Glasgow, Dr. McEachern, and Dr. Anderson on that basis. Defendants were nonetheless forced to file the Motion for Sanctions based on Plaintiff's failure (at the time) to comply with the Court's previous

15

Order. It was also necessary for Defendants to file a brief reply to Plaintiff's response.

The issues associated with the Motion were not novel or difficult and sophisticated legal skills were not needed to present the information, though some amount of background detail regarding the specific physicians whose records were at issue was necessary.

The Court has also considered Mr. Racine's experience, reputation, and ability,[3] his stated hourly rate, which the undersigned finds to be reasonable, and the customary fees for work of this nature and awards that have been issued in similar cases, in light of the Court's knowledge and experience.

The undersigned also notes that it is not entirely clear whether all of the research and preparation associated with the Motion for Sanctions was used entirely for that motion, or whether some of it also assisted with the Motion to Exclude.

Having considered the relevant factors and noting that expense awards under Rule 37(b)(2) are based on a party's failure to obey a court order to provide discovery, the undersigned concludes that Defendants should be awarded their reasonable expenses, including attorney's fees, associated with the Motion for Sanctions in the amount of $1,800.00.

---

[3] As no information has been provided about the additional timekeepers whose names appear on the billing records, the Court is unable to consider their contributions fully.

### III. The Motion to Continue

Through the Motion to Continue, Plaintiff requests that trial be continued from March 13, 2023 "to a date in September 2023" and that the Court "retroactively extend the deadlines that have expired since mid-October 2022, that [Plaintiff] was unable to comply with due to [his] health." Doc. 67 at 2.

Defendants oppose the Motion to Continue and request that it be denied in its entirety.

Having closely considered the Motion to Continue and the record as a whole, the undersigned is not persuaded that court-enforceable discovery should be reopened or that the major pretrial deadlines should be retroactively extended as Plaintiff requests. However, the undersigned concludes that a continuance of the trial setting is appropriate.

### IV. The Motion to Seal

The Motion to Seal requests that the declaration of Dr. Glasgow, which was submitted in support of the Motion to Continue, be filed under seal. The deadline for Defendants to respond to the Motion to Seal, which was filed on January 6, 2023, has expired and no response has been submitted.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3)

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also L.Civ.R. 6.1.

Having considered these factors, the Court concludes that Dr. Glasgow's declaration should remain under seal.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants are **AWARDED** their reasonable expenses in connection with Defendants' Motion for Sanctions (Doc. 43) in the amount of $1,800.00, to be paid by Plaintiff personally. Plaintiff is **DIRECTED** to forward payment in this amount to Defendants' counsel within 30 days from the date of Plaintiff's discharge from the hospital. The undersigned will freely grant an extension of this deadline, if necessary, upon request.

2. To the extent "Plaintiff's Pro Se Motion to Continue Case Set for Trial on March 13, 2023 and for Other Relief" (Doc. 67) seeks the retroactive resetting of pretrial deadlines that have expired, the motion is **DENIED**. To the extent the Motion seeks a continuance of the trial setting, it is **GRANTED IN PART** and trial is **CONTINUED** to the term beginning May 8, 2023. The remaining portions of the Pretrial Order, including those sections describing the parties' obligations prior to trial, remain in effect.

3. "Plaintiff's Motion to File Under Seal the Declaration of Thomas S. Glasgow, M.D. Attached to Plaintiff's Motion to Continue Case Set for Trial on March 13, 2023 and for Other Relief" (Doc. 69) is **GRANTED** and the Declaration of Dr. Glasgow (Doc. 68), which was filed in connection with the Motion to Continue, shall remain **UNDER SEAL** until further Order of the Court.

Signed: January 31, 2023

W. Carleton Metcalf
United States Magistrate Judge