IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00344-MR-WCM

| | |
|---|---|
| **CLANT M. SEAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **FULCHER'S RED FOX STABLES, LLC,** ) | |
| **JESSE RYAN CAHOON, and GREGORY** ) | |
| **WAYNE MOONINGHAM,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before this Court on Defendants' Motion to Dismiss. [Doc. 79].

**I.   BACKGROUND**

Clanton M. Seay ("Plaintiff") commenced this action on November 24, 2021, by filing his *pro se* Complaint against Fulcher's Red Fox Stables, LLC, Ryan Cahoon, Gregory Mooningham, and Garland Christopher Fulcher, II[1] (collectively "Defendants"). [Doc. 1]. Therein, Plaintiff alleges assault and battery against Ryan Cahoon; assault and battery against Gregory

---

[1] The parties stipulated to the dismissal of all of Plaintiff's claims against Garland Christopher Fulcher, II, with prejudice on October 24, 2022. [See Doc. 41].

Mooningham, which he contends can be imputed to Fulcher's Red Fox Stables, LLC; assault and battery against Garland Christopher Fulcher, II; intentional and negligent infliction of emotional distress against Defendants; and punitive damages against Defendants. [Id. at 28-43]. Defendants filed their Answer on December 22, 2021. [Doc. 13].

On January 6, 2023, Plaintiff filed a motion seeking to continue his case and to retroactively extend filing deadlines that had expired, contending that his health had declined markedly, making it difficult for him to participate in this litigation. [See Docs. 67-68]. On January 17, 2023, Plaintiff notified this Court that he was hospitalized with COVID-19, before further notifying this Court on January 23, 2023, and February 14, 2023, of his continued hospitalization. Ultimately, on March 6, 2023, Plaintiff died. [See Doc. 74-1 at 1]. On March 14, 2023, Defendants filed a Notice of Death, along with a copy of Plaintiff's obituary, and they moved, on June 19, 2023, to dismiss this action due to Plaintiff's death. [See Docs. 74; 74-1; 75].

This Court denied Defendants' Motion to Dismiss without prejudice on June 21, 2023. [Doc. 76]. As explained in that order, Defendants had not identified Plaintiff's successors or served them with a notice of Plaintiff's death, as is required to trigger the 90-day period for a proper plaintiff to substitute for the deceased Plaintiff. [Id.]. On August 8, 2024, Plaintiff filed

a notice with this Court, indicating that they had identified and served Plaintiff's successors with notice of Plaintiff's death, and requesting that this Court begin the 90-day substitution period. [Doc. 78]. On October 31, 2023, Defendants refiled their Motion to Dismiss Pursuant to Rule 25. [Doc. 79]. The substitution period has now expired, and Plaintiff's successors have not moved to substitute. Therefore, this motion is ripe for disposition.

II. DISCUSSION

Rule 25 of the Federal Rules of Civil Procedure provides, in relevant part:

> If a party dies . . . the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the act by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); see also Sneed v. United States, 1:19-cv-00035-MOC-WCM, 2019 WL 4440002, at *2 (W.D.N.C. Sept. 16, 2019) (dismissing action where deceased plaintiff's successor failed to move to substitute as plaintiff within 90 days).

Here, Plaintiff died on March 6, 2023, and Defendants filed a proper Notice of Death with this Court, indicating that they had identified and served Plaintiff's successors, on August 4, 2023. [See Docs. 74-1; 78]. The 90-day

3

substitution period has now expired, and no one has moved to substitute as a proper plaintiff in this matter. Therefore, this Court must dismiss this action.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [Doc. 79] is **GRANTED**, and this action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Signed: November 16, 2023

Martin Reidinger
Chief United States District Judge